UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH STOVALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Defendant. ) | Case No. 4:05CV910 CDP |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for leave to amend the amount of her claim against defendant. Plaintiff brings suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), for injuries she sustained from a fall at the post office in Fenton, Missouri. Prior to filing this action, plaintiff submitted a pro se administrative claim for her injuries in the amount of $10,000. She now seeks leave to amend her complaint to allege damages in the amount of $100,000. The motion will be granted.

The United States is immune from suit unless it has consented to be sued. United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Soriano v. United States, 352 U.S. 270, 276 (1957). The United States has waived its sovereign immunity for claims brought under the FTCA, which requires the filing of a claim with the

appropriate federal agency. If a settlement is not reached during the administrative process, the plaintiff may then file suit against the governmental agency in federal district court. However, the amount of damages a plaintiff is entitled to recover is typically limited to the amount of the claim presented to the federal agency. See 28 U.S.C. § 2675. The goal of the administrative claim process is to apprise the government of its maximum potential exposure and to facilitate the agency's ability to make informed settlement decisions. Reilly v. United States, 863 F.2d 149, 173 (1st Cir. 1988); Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986).

The FTCA allows a plaintiff to sue for an amount greater than that stated in his or her claim if "the increased amount is based upon newly discovered evidence *not reasonably discoverable at the time of presenting the claim* to the federal agency, or upon allegation and *proof of intervening facts*, relating to the amount of the claim." See 28 U.S.C. § 2675(b) (emphasis supplied). Plaintiff bears the burden of proving that one of these two exceptions apply in her case and permit amendment. Allgeier v. United States, 909 F.2d 869, 877 (6th Cir. 1990); Kielwien v. United States, 540 F.2d 676, 680 (4th Cir. 1976); Michels v. United States, 815 F. Supp. 1244, 1260 (S.D. Iowa 1993), aff'd, 31 F.3d 686 (8th Cir. 1994).

Plaintiff argues that she has "newly discovered evidence" or "intervening facts" which justify the amendment of her claim from $10,000 to $100,000.

Specifically, plaintiff contends that she did not know the full extent of her injuries when she filed her administrative claim. The day after her accident, plaintiff sought treatment for an injured right elbow. At that time, she was told that she "may need some therapy" for "elbow flexion and extension." About one week later, plaintiff completed the administrative claim form and stated her injury was a "right elbow fracture." Plaintiff initially submitted "unknown" as the value of her claim, but inserted "$10,000" after the post office returned the form and instructed her that her claim could not be processed without this information. After the claim was submitted, plaintiff developed a shoulder impingement problem which permanently restricts movement of her arm and shoulder. Plaintiff contends that this later diagnosis constitutes either "newly discovered evidence" or "intervening facts" under 28 U.S.C. § 2675(b) and justifies an increase in the amount of damages to be sought in this action. I agree.

"[A] known injury can worsen in ways not reasonably discoverable by the claimant and his or her treating physician, and . . . such newly discovered evidence or intervening facts, if convincingly proved, can warrant § 2675(b) relief." Michels, 31 F.3d at 688-89 (internal quotation marks omitted). "[Section] 2675 (b) contains an objective standard – 'newly discovered evidence not *reasonably* discoverable.'" Id. at 689. Defendant argues that plaintiff has not met this

objective standard because her physician recommended that she "may need some therapy." According to defendant, this statement should have put plaintiff on notice that she might incur "additional treatment, therapy, medical expenses and pain." Defendant also argues that plaintiff should have reasonably known about her additional injuries because "she was totally disabled and suffered from rheumatoid arthritis." (Def.'s Obj. at 6).

Defendant places too onerous a burden on plaintiff in this case. There is no indication on her medical records that plaintiff should have reasonably known that a permanent shoulder injury could develop from her fall based upon the injury to her elbow. Plaintiff's physician recommended therapy for her elbow and did not even mention potential injury to her shoulder. Nor should plaintiff reasonably be required to predict permanent shoulder injury from her fall merely because she has rheumatoid arthritis. Section 2975(b) requires reasonable diligence, not clairvoyance. Because plaintiff's shoulder injury developed after she submitted her claim for agency review, plaintiff may amend her complaint under § 2675(b) to seek $100,000 in damages.

Of course, plaintiff must still prove that she is entitled to $100,000 in damages during the bench trial of this matter currently set for June 19, 2006. In addition, the issue of whether "existing medical evidence and advice put [plaintiff]

on fair notice to guard" against permanent shoulder injury, see Michels, 31 F.3d at 688 (internal quotation marks omitted), may be revisited at trial.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend complaint [#10] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2006.